**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH JOHN CRISCI,                )<br>                                                  )<br>         Petitioner,                        )<br>                                                  )        3:08-cv-00002-RCJ-VPC<br>vs.                                              )<br>                                                  )<br>WILLIAM DONAT et al.,             )        **ORDER**<br>                                                  )<br>         Respondents.                   )<br>_____) | |

Petitioner Joseph John Crisci, a Nevada state prisoner represented by counsel, has filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondents' Motion to Dismiss (ECF No. 44).

## I.   FACTS AND PROCEDURAL HISTORY

### A.   Case No. 04-0649

On October 6, 2003, the Washoe County District Attorney charged petitioner and two co-defendants in the Sparks Township Justice Court with three felonies: (1) robbery with the use of a deadly weapon; (2) burglary; and (3) conspiracy to commit robbery with the use of a deadly weapon. (*See* Compl., Oct. 2, 2006, ECF No. 41-9, at 2). The preliminary hearing occurred on November 10, 2003, March 12, 2004, and March 15, 2004, (*see* Tr., ECF No. 41-11), and Petitioner was represented by Steven L. Sexton. The case was bound over to the Second Judicial District Court (of Nevada). (*See id.*). An information filed on March 17, 2004 contained the same charges as the criminal complaint. (*See* Information, Mar. 17, 2004, ECF No. 41-12). At his March 20, 2004 arraignment, Petitioner pled not

guilty. (*See* Proceedings, Mar. 20, 2004, ECF No. 41-8). On May 6, 2004, petitioner changed his plea to guilty as to Count I, robbery with the use of a deadly weapon. (*See id.*). On September 16, 2004, Robert H. Broili replaced Steven Sexton as petitioner's counsel. (*See* Substitution of Attorney, Sept. 16, 2004, ECF No. 41-14). Attorney Broili moved for a psychological examination of petitioner and to withdraw the guilty plea. (*See* Tr., Sept. 16, 2004, ECF No. 41-15). On February 24, 2005, the court sentenced Petitioner to 24–84 months imprisonment for robbery with the use of a firearm or deadly weapon, with another term of 24–84 months for use of a deadly weapon, to be served consecutively, with credit for 502 days of time served. (*See* J., Feb. 24, 2005, ECF No. 41-16). Petitioner did not appeal the conviction.

### B.   Case No. 03-2701

On December 3, 2003, the Washoe County District Attorney charged Petitioner with nine counts of robbery with the use of a deadly weapon and one count of conspiracy to commit robbery in the Second Judicial District Court (of Nevada), and arraignment was continued for two weeks. (*See* Proceedings, ECF No. 22-1, at 2).

At a January 13, 2004 hearing, Petitioner's attorney, Mr. Sexton, asked the court to remand the matter to the justice court. The court denied the request at that time, (*see id.*), but on January 29, 2004, the court remanded. The preliminary hearing was set for April 14, 2004, but on April 15, 2004, Petitioner's attorney filed a waiver. (*See* Waiver, ECF No. 22-2, at 10).

On May 13, 2004, the court arraigned Petitioner on the second information, and Petitioner changed his plea to guilty on Counts I through VII. (*See* Tr., May 13, 2004, ECF No. 22-2, at 22). On September 16, 2004, Robert H. Broili replaced Steven Sexton as petitioner's counsel, and Broili moved to withdraw the pleas. (*See* Substitution of Attorney, Sept. 16, 2004, ECF No. 41-14; Tr., Sept. 16, 2004, ECF No. 41-15). On October 28, 2004, Broili sought a continuance in order to prepare a motion for psychiatric evaluation. On November 11, 2004, Broili argued for a psychiatric evaluation at public expense, and the court denied that motion. Broili arranged for two psychiatric evaluations of petitioner, but only one evaluation had been prepared.

At a January 4, 2005 hearing, the court found petitioner competent to stand trial. (*See* Tr., Jan. 4, 2005, ECF No. 22-5, at 13). At a February 24, 2005 hearing, Broili withdrew his motion to withdraw the guilty plea, and Petitioner proceeded to sentencing. (Tr., Jan. 13, 2009, ECF No. 22-8, at 4). Dr. Sally Skewis testified to Petitioner's mental status as an expert at that hearing. (*See id.*).

Petitioner was sentenced as follows: Count I - 48 to 156 months, with a consecutive sentence of 48-156 months for the use of a deadly weapon; Count II - 24 to 48 months, with a consecutive sentence of 24 to 48 months for the use of a deadly weapon; Count III - 24 to 48 months, with a consecutive sentence of 24 to 48 months for the use of a deadly weapon; Count IV - 24 to 48 months, with a consecutive sentence of 24 to 48 months for the use of a deadly weapon; Count V - 24 to 48 months, with a consecutive sentence of 24 to 48 months for the use of a deadly weapon; Count VI - 36 to 156 months, with a consecutive sentence of 36 to 156 months for the use of a deadly weapon; and Count VII - 36 to 156 months, with a consecutive sentence of 36 to 156 months for the use of a deadly weapon. All sentences were to run concurrently with respect to the others and with respect to the sentence in Case No. 04-0649. (*Id.*; J., Feb. 24, 2005, ECF 23-1, at 2). Petitioner did not file a direct appeal.

### C. State Post-Conviction Proceedings

Petitioner filed a post-conviction habeas petition in state district court on June 6, 2005. (Pet., June 2, 2005, ECF No. 23-1, at 13). On June 28, 2005, the state district court appointed Mary Lou Wilson to represent Petitioner in his post-conviction proceedings. (*See* Order, June 28, 2005, ECF No. 23-2, at 19). Counsel filed a supplement to the petition on August 25, 2005. (Supl., Aug. 25, 2005, ECF Nos. 23-3 to 23-8). The state district court issued an order denying the petition on November 9, 2005. (Order, Nov. 9, 2005, ECF No. 24-9, at 15). Petitioner filed a notice of appeal on December 2, 2005. (*See* Notice of Appeal, Dec. 2, 2005, ECF No. 24-10). Petitioner's counsel filed a fast track statement ("FTS") on January 3, 2006, raising one issue: "Whether the district court erred in dismissing the petitions [sic] absent an evidentiary hearing when there was [sic] supporting witnesses and documentation showing trial counsel failed to defend Appellant under theories of insanity, duress, alibi and good character?" (FTS 5:13–15, Jan. 3, 2006, ECF No. 41-6). On January 9, 2006, Respondents filed a

Confession of Error/Request for Remand with the Nevada Supreme Court. (*See* ECF No. 41-7).  On February 24, 2006, the Nevada Supreme Court filed an order vacating judgment and remanding. (Order, Feb. 24, 2006, ECF No. 25-1, at 18).

The state district court held an evidentiary hearing on June 15 and September 22, 2006. (*See* ECF Nos. 25-4 to 25-6 and 26-2 to 26-4).  On October 19, 2006, the state district court entered findings of fact, conclusions of law, and the order denying relief. (*See* Order, Oct. 19, 2006, ECF No. 26-5, at Ex. 94).

Petitioner filed a notice of appeal on October 30, 2006. (*See* ECF No. 26-5, at Ex. 96).  On December 15, 2006, that appeal, and Petitioner's previous appeal (Appeal Nos. 48336 and 48339) were consolidated. (*See* Order, Dec. 15, 2006, ECF No. 26-6, at Ex. 106).  Petitioner filed a FTS on December 15, 2006.  (*See* FTS, Dec. 15, 2006, ECF No. 26-6, at Ex. 107).  The FTS raised the following issues:

> *1.  Whether the district court erred in finding trial counsel Sexton effective when encouraging Crisci to enter guilty pleas when he was under the influence of inconsistent medications, drooling and slobbering, and "following his legal representative"?*
>
> *2.  Whether the district court erred in finding trial counsel Sexton effective when he knew about Crisci's defenses of insanity, alibi, and good character and insisted upon guilty pleas and trial cousel Broili effective when he was hired to withdraw his guilty plea and proceeded with sentencing, despite knowing that Crisci had viable defenses of insanity, duress, alibi, and good character?*

(*See id.* 6).  filed a fast track response. (*See* Response, Dec. 29, 2006, ECF No. 26-7, at Ex. 110).  The Nevada Supreme Court filed an order of affirmance on February 8, 2007. (*See* Order, Feb. 8, 2007, ECF No. 26-7, at Ex. 111).  Remittitur issued on March 6, 2007. (*See* ECF No. 26-7, at Ex. 114).

**D.     Federal Proceedings**

Petitioner filed the present federal habeas corpus Petition pursuant to 28 U.S.C. § 2254 on January 2, 2008. (*See* Pet., Jan. 2, 2008, ECF No. 5).  Respondents moved to dismiss. (*See* Mot., Jan 21, 2008, ECF No. 19).  On July 2, 2009, this Court denied the motion to dismiss and appointed the Federal Public Defender to represent petitioner in these proceedings. (*See* Order, July 2, 2009, ECF No. 35).

4

Petitioner filed the first amended petition ("FAP") on December 31, 2009. (*See* FAP, Dec. 31, 2009, ECF No. 40). The FAP contains the following claims:

### GROUND ONE

**CRISCI'S GUILTY PLEAS WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

. . . .

### GROUND TWO

**DEFENSE COUNSEL WAS INEFFECTIVE BECAUSE HE INDUCED CRISCI TO ENTER A PLEA THAT WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT. BECAUSE OF THIS UNPROFESSIONAL ERROR, CRISCI IS IMPRISONED IN VIOLATION OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.**

. . . .

### GROUND THREE

**DEFENSE COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO ADEQUATELY INVESTIGATE CRISCI'S CASE AND PREPARE A DEFENSE, CAUSING CRISCI TO ACCEPT A PLEA THAT HE OTHERWISE WOULD NOT HAVE ACCEPTED. BECAUSE OF THIS UNPROFESSIONAL ERROR, CRISCI IS IMPRISONED IN VIOLATION OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.**

. . . .

### GROUND FOUR

**REPLACEMENT COUNSEL FAILED TO PRESENT CRISCI'S MERITORIOUS REQUEST TO WITHDRAW HIS PLEA TO THE COURT. BECAUSE OF THIS UNPROFESSIONAL ERROR, CRISCI IS IMPRISONED IN VIOLATION OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS.**

(*Id.* 6, 11, 12, 14).[1] Respondents have moved to dismiss the FAP. (*See* Mot., Feb. 16, 2010, ECF No. 44). Respondents contend that Petitioner bases Grounds One and Two on unexhausted factual and legal arguments and that Petitioner's Exhibit 119, the forensic psychiatric assessment of Thomas E. Bittker, M.D., filed with the FAP, was not presented to the Nevada Supreme Court, rendering the amended petition unexhausted. (*See id.*).[2]

## II.   DISCUSSION

### A.   Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood*, 195 F.3d 1098, 1106

---

[1] Presumably, Petitioner means to invoke the Sixth Amendment, as opposed to the Fifth, in Grounds Two and Three.

[2] Although Respondents appear on the face of the motion to move against the Petition in its entirety, they specifically attack only Ground One, Ground Two, and Exhibit 119.

(9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### B.   Grounds One and Two

#### 1.   Ground One

Ground One of the First Amended Petition ("FAP") is entitled, "Crisci's guilty pleas were not entered knowingly, intelligently, or voluntarily in violation of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution." (First Am. Pet. 6:17–19, ECF No. 40). Petitioner alleges, "At the time he entered the guilty pleas, Crisci did not and could not understand the nature of his pleas and consequences of his plea agreement." (*Id.* 6:23–24). Part A of Ground One discusses Petitioner's psychological disorders and the anti-psychotic medications he took before and at the time he entered his pleas on May 6, 2004, and May 13, 2004. (*See id.* 7). It also discusses Petitioner's impaired cognitive functioning, including his functional illiteracy and "borderline intellectual range" or "borderline mental retardation," which included disorders affecting his reading, written expression, and ability to do mathematics. (*Id.* 7–8). The FAP alleges that, given Petitioner's significant learning disabilities, substantial intervention was required by his defense counsel to ensure that he understood the nature and dynamics of court proceedings. (*See id.* 8). Part B of Ground One alleges,

"Crisci did not receive any substantial assistance from his attorney [Steve Sexton] when he entered his plea." (*Id.* 8:20–21).

The Court has reviewed the FAP, along with the FTS filed in the Nevada Supreme Court. (*See* FTS, Dec. 15, 2006, ECF No. 26-6, at 23). In the FTS, both issues on appeal concerned whether trial counsel was effective. (*See id.* 6, ECF No. 26-6, at 28). The FTS argued the following issues:

1. Whether the district court erred in finding trial counsel Sexton effective when encouraging Crisci to enter guilty pleas when he was under the influence of inconsistent medications, drooling and slobbering, and "following his legal representative?"

2. Whether the district court erred in finding trial counsel Sexton effective when he knew about Crisci's defenses of insanity, alibi, and good character and insisted upon guilty pleas and trial counsel Broili effective when he was hired to withdraw his guilty pleas and proceeded with sentencing, despite knowing that Crisci had viable defenses of insanity, duress, alibi, and good character.

(*Id.*). Although the FTS includes the same or similar facts alleged in Ground One of the FAP, the due process claim is unexhausted because Petitioner did not present any due process claim to the Nevada Supreme Court, but only ineffective assistance claims. Due process is a different legal theory from ineffective assistance of counsel, and it has therefore not been exhausted. *See Bland*, 20 F.3d at 1473.

**2. Ground Two**

Respondents argue that Ground Two of the amended federal petition is premised on unexhausted arguments. In Ground Two of the amended petition filed in this Court, petitioner alleges that: "Defense counsel was ineffective because he induced Crisci to enter a plea that was not knowing, voluntary and intelligent. Because of this unprofessional error, Crisci is imprisoned in violation of his right to the effective assistance of counsel under the Fifth and Fourteenth Amendments." (First Am. Pet. 11). Petitioner incorporates the facts set forth in Ground One, which are discussed herein, *supra*. Petitioner asserts that attorney Sexton "(a) failed to properly investigate the scope of his client's mental limitations and deficiencies, (b) failed to ensure that Crisci understood the terms of the plea and the nature of the plea agreement; and (c) failed to make necessary accommodations regarding Crisci's borderline intellectual functioning and mental illness to ensure that his plea would be valid." (*Id.*). Petitioner asserts

8

that Sexton's participation in and inducement of an invalid plea constituted deficient performance and ineffective assistance of counsel that could not have been excused by any valid strategic or tactical reason. (*Id.*). Respondents argue that Petitioner did not exhaust these arguments in state court.

As noted, one of the issues on appeal in the FTS was "[w]hether the district court erred in finding trial counsel Sexton effective when encouraging Crisci to enter guilty pleas when he was under the influence of inconsistent medications, drooling and slobbering, and 'following his legal representative?'" Petitioner argued that Sexton was ineffective for encouraging him to enter guilty pleas, despite his inability to understand them. Petitioner cited relevant portions of the state court record and cited to the applicable federal case law, including *Strickland v. Washington*, 466 U.S. 688 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1984). The Nevada Supreme Court was fairly presented with the issues raised in Ground Two of the FAP. The Court therefore finds that Ground Two is exhausted, and Petitioner may proceed thereon.

### C.  Exhibit 119 to the FAP: Dr. Bittker's Report

Respondents argue that Exhibit 119 to the amended petition, (*see* Dr. Bittker Report, Dec. 15, 2004, ECF No. 41-4), the forensic psychiatric assessment prepared by Dr. Thomas E. Bittker, M.D., was never presented to the Nevada Supreme Court, and that the inclusion of the report in Petitioner's exhibits renders the FAP unexhausted.

This Court has reviewed the record concerning the report. There is no dispute that Dr. Bittker's report was prepared during the course of criminal proceedings in state court, prior to Petitioner's sentencing. However, there is no indication that Dr. Bittker's report was entered into evidence at any time in the state court proceedings. The Bittker report itself is simply not found in the state court record. In contrast, the psychiatric report of Dr. Sally Skewis was referred to as an exhibit in Petitioner's FTS to the Nevada Supreme Court. There is nothing in the FTS that substantively cites to the findings in Dr. Bittker's report or refers to the Bittker report as part of the appendix.

As such, this Court must treat Dr. Bittker's report as new evidence. To expand the record under Habeas Corpus Rule 7, a petitioner must satisfy the requirements of 28 U.S.C. § 2254(e)(2). *Cooper-*

*Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). The conditions of § 2254(e)(2) generally apply to petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649 (2004). Section 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B) (emphasis added). "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsections's requirements." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence for purposes of the opening clause [of § 2254(e)(2)] depends on whether [Petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" *Cooper-Smith*, 397 F.3d at 1241 (quoting *Williams*, 529 U.S. at 435) (alterations in original).

With respect to Dr. Bittker's report Petitioner asserts that he did not fail to develop the facts under § 2254(e)(2)'s opening clause and therefore need not make a showing in compliance with the subsection's requirements. The Court rejects Petitioner's argument that Dr. Bittker's report is not subject to the requirements of § 2254(e)(2). "Diligence" for the purposes of the opening clause of § 2254(e)(2) depends on whether the petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Cooper-Smith*, 397 F.3d at 1241. Petitioner has not shown that he or his counsel actually presented Dr. Bittker's report during state court

proceedings, and particularly, to the Nevada Supreme Court. Petitioner does not explain why the report was not properly entered into evidence in state court or that its omission could not have been timely discovered through the exercise of due diligence and presented to the state courts. Without prior presentation to the Nevada Supreme Court, this Court will not consider Dr. Bittker's psychiatric report when ruling on the merits of the FAP.

### D. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas corpus petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, the Court finds that the due process claim of Ground One is unexhausted. Because the Court finds that the petition is a mixed petition, petitioner has several options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or to seek other appropriate relief from this Court, will result in his federal habeas corpus petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas corpus petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 44) on grounds of non-exhaustion is **GRANTED in part, and DENIED in part**, as follows:

1. Ground One of the FAP is not exhausted.

2. Ground Two of the FAP is exhausted.

3. Dr. Bittker's psychiatric report was not presented to the Nevada Supreme Court, and as such, is precluded from consideration on the merits.

**IT IS FURTHER ORDERED** that Petitioner shall have **twenty (20) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in the FAP and proceed on the exhausted grounds; **(2)** inform this Court in a sworn declaration that he wishes to dismiss this FAP without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking the Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have **thirty (30) days** from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the FAP and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** following service of Respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 28th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE